# EXHIBIT 1

## BOARD MEMBER SERVICES AGREEMENT

THIS BOARD MEMBER SERVICES AGREEMENT is made as of December 14, 2016 (this "*Agreement*") by and between Solera Holdings, Inc., a Delaware corporation ("*Solera*"), and Dr. Kurt Lauk ("*Dr. Lauk*").

### RECITALS

WHEREAS, Solera has requested that Dr. Lauk serve as a member of the Board of Directors of Solera (the "*Services*") in exchange for compensation for the Services and reimbursement for expenses incurred related to the Services; and

WHEREAS, Dr. Lauk has agreed to serve as a member of the Board of Directors of Solera.

NOW, THEREFORE, in consideration of the foregoing premises and the agreements set forth below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1. **Fee Payment Terms**. Fee payments to Dr. Lauk shall be as follows:

    (a) **Director Retainer Fee**: in connection with Dr. Lauk's appointment to the Board of Directors of Solera, Solera will pay Dr. Lauk a one-time fee of One Hundred Thousand Dollars ($100,000); and

    (b) **Annual Director Fee**: effective beginning with Solera's fiscal year beginning April 1, 2017 and ending March 31, 2018 and each fiscal year thereafter during which Dr. Lauk provides Services, Solera will pay Dr. Lauk a fee of Fifty Thousand Dollars ($50,000) per fiscal year for the Services performed on behalf of Solera.

2. **Expense Reimbursement Terms**. Solera will reimburse Dr. Lauk for reasonable, legitimate and properly documented business expenses incurred by Dr. Lauk in connection with performing the Services, subject to Solera's standard travel and entertainment policies, a copy of which has been previously provided to Dr. Lauk. Subject to the foregoing, Solera will pay each invoice submitted by Dr. Lauk to Solera's Chief Financial Officer at the Solera's Westlake, Texas headquarters within thirty (30) days following receipt and approval thereof.

3. **Term**. This Agreement shall become effective on the date first written above and will remain in force and effect until terminated by either party upon 30 days prior written notice.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first above written.

SOLERA HOLDINGS, INC.

By:
Name: Jason Brady
Title: Secretary

DR. KURT LAUK /s/

EXHIBIT 1

## CONSENT

The undersigned spouse hereby acknowledges that I have read the following agreements to which my spouse is a party:

    Summertime Holding Corp. 2016 Stock Option Plan,

    Stock Option Agreement

and that I understand their contents. I am aware that such agreements provide for the repurchase of certain of my spouse's capital stock of Summertime Holding Corp. (the "Company") under certain circumstances and impose other restrictions on such capital stock. I agree that my spouse's interest in such capital stock is subject to the agreements referred to above and the other agreements referred to therein and any interest I may have in such capital stock shall be irrevocably bound by these agreements and the other agreements referred to therein and further that my community property interest (if any) shall be similarly bound by these agreements.

The undersigned spouse irrevocably constitutes and appoints _____ (the "Stockholder") as the undersigned's true and lawful attorney and proxy in the undersigned's name, place and stead to sign, make, execute, acknowledge, deliver, file and record all documents which may be required, and to manage, vote, act and make all decisions with respect to (whether necessary, incidental, convenient or otherwise), any and all capital stock of the Company in which the undersigned now has or hereafter acquires any interest and in any and all capital stock of the Company now or hereafter held of record by the Stockholder (including but not limited to, the right, without further signature, consent or knowledge of the undersigned spouse, to exercise or not to exercise any and all options under any appropriate agreements and to exercise amendments and modifications of and to terminate the foregoing agreements and to dispose of any and all such capital stock and options), with all powers the undersigned spouse would possess if personally present, it being expressly understood and intended by the undersigned that the foregoing power of attorney and proxy is coupled with an interest; and this power of attorney is a durable power of attorney and will not be affected by disability, incapacity or death of the Stockholder, or dissolution of marriage and this proxy will not terminate without consent of the Stockholder and the Company.

Stockholder:

Signature: /s/ Lauk

Printed Name: KURT LAUK

Dated: 7. AUG. 2018

Spouse of Stockholder:

Signature: /s/ M. Lauk

Printed Name: Marie-Therese Lauk

Dated: 9.08.2018

SUBSCRIBED AND SWORN to before me this _____ day of _____, 20__

Notary Public

My Commission Expires _____

096478-0014-14713-Active.18380343.10